WO

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

UNITED STATES OF AMERICA
v.

Jeffrey Steven Cross

***ORDER OF DETENTION PENDING TRIAL***

Case Number:  CR-05-104-PCT-PGR

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☒ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒ by a preponderance of the evidence the defendant is a serious flight risk and require the detention of the defendant pending trial in this case.

### PART I -- FINDINGS OF FACT

☒ (1) There is probable cause to believe that the defendant has committed

  ☒ an offense for which a maximum term of imprisonment of ten years or more is prescribed.

  ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

  ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

  ☐ an offense involving a minor victim prescribed in _____.[1]

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### Alternative Findings

☐ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

### PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☒ (1) I find that the credible information submitted at the hearing establish by clear and convincing evidence as to danger and by a preponderance as to flight that:

An indictment was issued against defendant on February 8, 2005 alleging that defendant on September 12, 2003 committed five counts of second degree murder. The victims were killed in an automobile/tractor trailer accident. Defendant was driving the tractor trailer that struck the automobile in which the victims were riding. Everyone in the vehicle was killed. Toxicology reports concluded that defendant had a high dose of methamphetamine in his system at the time of the accident. No specifics concerning the circumstances surrounding the accident itself are available to the Court.

On March 18, 2004, defendant was arrested in Indiana and charged with dealing in methamphetamine. A failure to appear warrant was issued against defendant in that prosecution. Defendant ultimately pled guilty and was sentenced. Defendant did not cooperate with Probation Services by providing his account of the offense. Defendant appears to have three (3) felony convictions in addition to the methamphetamine conviction. Defendant has no

assets and has various debts including an arrearage for child support payments. Defendant admits long term methamphetamine use (daily for twelve (12) years), concluding in June of 2005. It does not appear that defendant has ever completed a drug treatment program. Defendant was sentenced to ten (10) years in prison on the methamphetamine charge. Defendant Is currently in custody (sentence imposed November 13, 2006) in Indiana under a work release program. Defendant attempted suicide in 1998 due to his marital difficulties and drug abuse. Defendant, as stated, is serving a ten (10) year sentence in Indiana and the Indiana Court has a hold on him. Defendant faces a long term imprisonment if convicted on the current charges.

The government's current charges against defendant for five (5) counts of second degree murder involves alleged impairment of the defendant due to a high dose of methamphetamine in his system at the time of the accident. Less than six months after the accident, defendant was arrested for dealing methamphetamine. Defendant still has his driver's license and drives when employment.

The Court incorporates by reference the findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court. Pursuant to Rule 59(a), FED.R.CRIM.P., effective December 1, 2005, Defendant shall have ten (10) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the district court. Failure to timely file objections in accordance with Rule 59(a) may waive the right to review. 59(a), FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Date: December 19, 2006

EDWARD C. VOSS
United States Magistrate Judge